**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>SHAMAR DUDLEY. | Criminal Action No. 19-928-07 (MAS)<br><br>**MEMORANDUM ORDER** |

**SHIPP, District Judge**

This matter comes before the Court upon Defendant Shamar Dudley's ("Dudley") Letter Motion for Early Termination of Supervised Release ("Motion") pursuant to 18 U.S.C. § 3583(e). (ECF No. 646.) The United States of America (the "Government") did not e-file a response to the Motion. The Court has considered Defendant's Motion under Local Civil Rule 78.1, which applies to criminal cases under Local Criminal Rule 1.1. For the reasons stated below, the Court denies Dudley's Motion.

**I.    BACKGROUND**

On May 27, 2020, Dudley pled guilty to a one-count Superseding Information charging him with conspiracy to "distribute and possess with intent to distribute 28 grams or more of a mixture and substance containing a detectable amount of cocaine base, a Schedule II controlled substance," in violation of 21 U.S.C. § 846. (*See* Superseding Information, ECF No. 306; *see also* Plea Agreement, ECF No. 310.)

On September 22, 2020, Dudley was sentenced to 33 months' imprisonment and 4 years of supervised release. (Judgment of Conviction 1-2, ECF No. 357.) As part of Dudley's supervised release, he was subject to three standard special conditions: (1) alcohol/drug testing and treatment; (2) gang/criminal associations prohibition; and (3) mental health treatment. (*Id.* at 3.)

Dudley's supervised release term commenced on July 12, 2022. On September 15, 2023, Dudley tested positive for alcohol, in violation of his supervised release special condition, when the United States Probation Office ("Probation") conducted an unannounced home visit. (ECF No. 622.) The Court did not take formal action at the time, as recommended by Probation. (*See id.* at 2.)

Dudley is scheduled to complete his supervised release term on July 11, 2026. On May 9, 2024, Dudley moved for early termination of supervised release based on: (1) gaining and maintaining steady employment; and (2) having "zero issues" with supervision. (*See* Dudley's Mot. 1, ECF No. 646.) Dudley also asserts that he has "regained [his] LLC for [his] food truck business . . . [and that he is] now legally married." (*Id.*)

## II.     LEGAL STANDARD

Motions to amend or modify the conditions of supervised release are governed by 18 U.S.C. § 3583(e), which allows the sentencing court to terminate supervised release "at any time after the expiration of one year of supervised release," if, after considering the factors set forth in 18 U.S.C. § 3553(a), the court "is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." 18 U.S.C. § 3583(e)(1). When reviewing the § 3553(a) factors, the Court need not make specific findings for each factor. *United States v. Melvin*, 978 F.3d 49, 52-53 (3d Cir. 2020). The Court need only state that it has considered them. *Id.* at 53.

Although the Third Circuit held that § 3583(e)(1) does not require a finding of new or unforeseen circumstances, it reasoned that, generally, only when new or unforeseen circumstances warrant it will a sentencing judge grant a motion for early termination of supervised release under § 3583(e)(1). *Id.* The Third Circuit has held "[t]hat is because, if a sentence was 'sufficient, but

2

not greater than necessary' when first pronounced, we would expect that something will have changed in the interim that would justify an early end to a term of supervised release." *Id.* Importantly, "[d]istrict courts possess broad discretionary authority to modify the terms and conditions of a defendant's supervised release . . . ." *United States v. Wilson*, 707 F.3d 412, 416 (3d Cir. 2013).

### III. DISCUSSION

The Court has considered the § 3553(a) factors and finds that early termination of supervised release is not warranted, nor is it in the interest of justice. *See Melvin*, 978 F.3d at 52 ("After considering these factors, the court may provide relief only if it is satisfied that early termination is warranted by the defendant's conduct and is in the interest of justice." (citing 18 U.S.C. § 3583(e)(1))).

While the Court commends Dudley's progress towards living a law-abiding life and fulfilling his financial obligations, compliance with the terms of supervised release is what is expected of probationers, and without more, cannot justify early termination.[1] *United States v. Vasiliades*, No. 96-217, 2022 WL 3701963, at *3 (E.D. Pa. Aug. 25, 2022) (citations omitted) ("[M]ere compliance with the conditions of supervised release is generally insufficient to support early termination."). In addition, there are no new or unforeseen circumstances that warrant a change in the Court's assessment. Put succinctly, the Court carefully considered the § 3553(a) factors at sentencing, imposed a sufficient sentence, and finds that early termination is not warranted and is not in the interest of justice here. As such, Dudley's Motion is denied.

---

[1] While Dudley asserts that he has had "zero issues" with supervision (*see* Dudley's Mot. 1), he tested positive for alcohol, in violation of his supervised release terms (ECF No. 622).

IV. **ORDER**

For the foregoing reasons,

**IT IS**, on this 12th of August 2025, **ORDERED** that:

1. Dudley's Letter Motion for Early Termination of Supervised Release (ECF No. 646) is **DENIED**.

_____
MICHAEL A. SHIPP
UNITED STATES DISTRICT JUDGE

4